### Lovejoy *versus* Albee & *Trustees.*

The courts of a Country or State have no jurisdiction beyond its sovereignty.

Judgments, rendered by Courts not having jurisdiction, are merely void.

Courts of this State have no jurisdiction to render judgment against a foreigner, when neither he or his property has been found here.

When property of a person is within the State, he not being present, a judgment against him will be effectual only as a judgment *in rem*, acting upon that property.

It is a principle of the common law adopted in this State, that no judgment can be rendered against one as trustee, if neither he or the principal defendant resides within the jurisdiction, and if no tangible property of such defendant has been found here.

That principle is yet in full force, unimpaired by any statute provision.

On Exceptions from *Nisi Prius*, Shepley, C. J.

TRUSTEE PROCESS.

The question was, as to the liability of the trustees.

It appeared frcm the writ, disclosure and the testimony, that the defendants and tlie persons summoned as trustees all resided in the Province of New Brunswick, and that no attachment of any tangible property of the defendants had been made, and that neither of their bodies had been arrested.

For that reason the Judge ordered that the trustees be discharged, and to that order the plaintiff excepted.

*Fuller* and *Harvey,* for the plaintiff.

The Rev. Stat. chap. 119, sect. 12, provides, "that any person on whom a trustee process shall be served, shall be liable to be adjudged trustee, though he was not then and never had been an inhabitant of the State, and that the writ may be returnable in the county, in which either the plaintiff or the principal defendant may reside."

Express provision is made for cases where defendant resides out of the State. It does not require, that both plaintiff and defendant should reside in the jurisdiction. Section 7, chap. 119, refers to sect. 28, chap. 114, and sect. 2 and 3, chap. 115. See also sect. 80 and 82, chap. 119, R. S ; Stat. of 1845, chap. 136.

The intention of the legislature is plain, that a trustee should be chargeable if he comes here, though his domicil is elsewhere.

The statute of 1845, directs the mode of making demand upon trustees living out of the State. When so made, if the trustee refuse, the plaintiff has remedy when the trustee again comes within the State.

The law and the Acts that make a trustee a party, are distinct from the Acts that bring in the principal defendant. R. S. chap. 119, sect. 20.

Courts of general jurisdiction do not inquire as to the domicil of the parties in transitory actions. Our Courts are open to the world. *Barrel* v. *Benjamin,* 15 Mass. 355 ; Story's Conflict of Laws, 453 and 457, and 545 and 546.

A judgment may be good here which will not be respect-

ed in foreign courts. The legislature have the power to authorize the rendering a judgment here, though the courts of defendant's domicil may not enforce it. Story's Conflict of Laws, 547; *Folliot* v. *Ogden,* 3 D. & E. 125.

Personal contracts follow the person of the debtor. 16 Mass. 302.

*J. Granger,* for the trustees.

SHEPLEY, C. J. — No country can by its laws act directly upon persons not resident or found therein, or upon their property not found therein. The courts of a State or country can have no jurisdiction beyond its sovereignty. No court in this State can rightfully have jurisdiction to render judgment against a foreigner, when he has not been found within the State, and when no property owned by him has been found within it.

When the person is not within the jurisdiction of a court and his property is within its jurisdiction, a judgment against him will be effectual only as a judgment *in rem* acting upon that property. Should a court render a judgment without obtaining such jurisdiction it would be merely void. Story on Conflict of Laws, sect. 21, 539, 543, 546, 549, 550, 556; *Bissell* v. *Briggs,* 9 Mass, 462; *Borden* v. *Fitch,* 15 Johns. 121; *Piquet* v. *Swan,* 5 Mason, 35; *Douglas* v. *Forrest,* 4 Bing. 686; *Becquet* v. *MacCarthy,* 2 B. & Ad. 951.

It is undesirable to have a state or country attempt by its laws to give its courts a jurisdiction beyond its sovereignty, for it could only cause a conflict of duties among persons thus subject to be acted upon by different laws and tribunals. It would exhibit a wrongful exercise of authority on the part of a state or country enacting such laws. Its statutes should not receive such a construction, unless it be unavoidable.

It is not contended, that by the common law, or by the provisions of any statute existing previous to the year 1834, a judgment could be rightfully rendered against a person summoned as a trustee *in* a *case* like the present. It had been decided, that no such judgment could be rendered. *Ting-*

*ley* v. *Bateman*, 10 Mass. 343 ; *Nye* v. *Liscome*, 21 Pick. 263 ; *Jones* v. *Winchester*, 6 N. H. 497.

It is insisted that the Act of March 12, 1834, chap. 139, conferred a jurisdiction sufficiently extensive to embrace this case ; and that the same provision has been re-enacted in the Revised Statutes, chap. 119, sect. 12.

The section last named does provide, that a judgment may be rendered against a person summoned as a trustee, who has never been an inhabitant of this State. But it has reference to a case in which the court has jurisdiction of the suit between the principal parties. This is manifest from the clause, which refers to an action, that may be brought in the county, where either the plaintiff or the principal defendant resides. The provision assumes, that the court has rightfully jurisdiction of the suit between the principal parties. The purpose of the statute appears to have been to provide a remedy in a case, where a person at no time a resident within the State was indebted to, or had property belonging to a person resident or found within the State. In such case the court having jurisdiction of a suit against the principal defendant might act upon his personal property and choses in action, entrusted to or due from a person, not an inhabitant of or found within the State, upon the principle, that such property is supposed to follow or accompany the person of the owner.

This enactment should not receive a construction that would make it embrace cases, over which the court has no jurisdiction ; for it could be of no practical importance. Such a suit might at any time be defeated by the parties defendant ; or by the interposition of the court, when the facts came to its knowledge. If judgment should in such a suit be rendered against a trustee and he should make payment thereof to the plaintiff, that would afford him no protection whatever, when called upon in the place of his domicil to pay to the principal defendant.

In the present case it appears from the facts stated in the exceptions, that this Court has no jurisdiction of the suit be-

tween the principal parties. It has obtained no jurisdiction to render a judgment against the principal defendant by his being a citizen or resident, or found within this State, or by his having any property found within it.

The provisions of statute chap. 119, sect. 82, and of the Act of February 28, 1845, apply to cases already named of trustees not at any time an inhabitant of the State, and to cases in which the trustee after having been summoned, has removed from or cannot be found within the State.

The provisions of the seventh section of chap. 119 have reference to cases, in which a defendant having a residence within the State, is absent from it at the time of service without having a last and usual place of abode or an agent within the State; and also to cases, in which a suit has been commenced against a person not resident or found within the State, whose property has been found within the State and attached in some form.

This would seem to be the appropriate and correct construction of the statutes named; but if it were not the more obvious construction, they should upon the authority of decided cases receive such a construction in preference to one, that would attempt to give the court jurisdiction beyond the sovereignty of the State. *Buchanan* v. *Rucker*, 9 East, 192, *Cavan* v. *Stewart*, 1 Starkie, 525.

As the Court in this case has no jurisdiction over the persons or property of the principal defendant or persons summoned as his trustees, there was no error in the adjudication, that the persons summoned as trustees should be discharged.

*Exceptions overruled.*