Renier vs. Hurlbut and another.

RENIER, Appellant, vs. HURLBUT and another, Respondents.

*November 23 — December 15, 1891.*

*Garnishment:* Situs *of indebtedness on judgment: Foreign insurance company.*

The indebtedness of a foreign insurance company to a resident of this state upon a judgment recovered by the latter in a court of this state has no *situs* outside of this state for the purposes of garnishment.

APPEAL from the Circuit Court for *Brown* County.

On September 26, 1888, the plaintiff recovered judgment upon a policy of insurance in the circuit court for Brown county against the Dwelling House Insurance Company, a corporation created and organized under the laws of Mas-

sachusetts, and having its principal place of business at Boston, by reason of loss by fire of a dwelling-house, barns, and property therein, for $3,416.76. The said Boston company appealed from said judgment to this court, and upon such appeal the defendants, *Hurlbut* and *Boaler*, executed an undertaking to the plaintiff, wherein and whereby they agreed and undertook, pursuant to the statute, that they would pay all costs which might be awarded against said Boston company on said appeal, not exceeding $250, and also undertook that in case said judgment should be affirmed they would pay the amount thereof. Said judgment was affirmed on said appeal, April 25, 1889. 74 Wis. 89. The *remittitur* thereon was not filed in the trial court until November 18, 1889.

On August 1, 1890, this action was commenced, upon said undertaking, against said *Hurlbut* and *Boaler*. Said defendants answered, and admitted all the allegations of the complaint, and in effect alleged that June 28, 1889, the Saint Paul Fire & Marine Insurance Company, created and organized under the laws of Minnesota, commenced an action in the superior court for Cook county, in the state of Illinois, against this plaintiff, on a claim of $2,256, and in said action served garnishee process upon the said Boston company's agent at Chicago.

The process in said last-named action against this plaintiff was made returnable November 4, 1889, and was served only by the publication of notice for three successive weeks, commencing October 22, 1889, and ending November 5, 1889, and mailing copies thereof, etc., to the plaintiff in Wisconsin, where she resided during all the times mentioned.

Upon the trial of this action the court found, in effect, the facts stated, and also that the said Boston company had not paid the plaintiff anything on said judgment, except $1,200 paid thereon July 1, 1889; that this plaintiff

had not been personally served with summons or other process in the proceedings in the superior court of Cook county, and had not appeared in said proceedings; that the judgment so recovered in said Brown county was exempt from seizure on attachment or execution, under the laws of Wisconsin, during all the time mentioned, but was not exempt under the laws of Illinois; and, as a conclusion of law, that the defendants were entitled to judgment against the plaintiff, abating this action. From the judgment entered thereon accordingly the plaintiff appeals.

*Geo. G. Greene,* for the appellant, to the point that a debt due on a judgment in one state cannot be garnished in another, cited, besides cases cited in the opinion, Drake, Attach. secs. 622–625; *Sievers v. Woodburn Sarven W. Co.* 43 Mich. 275; *Elizabethtown Sav. Inst. v. Gerber,* 35 N. J. Eq. 153; *Henry v. Gold Park M. Co.* 15 Fed. Rep. 649; *Thomas & Willis v. Woodbridge,* 2 Woods, 667; *Franklin v. Ward,* 3 Mason, 136; *Young v. Young,* 2 Hill (S. C.), 426; *Burrill v. Letson,* 2 Speer, 378; 2 Wade, Attach. sec. 498; 8 Am. & Eng. Ency. of Law, 1170. A debt payable to a creditor in the state of his residence cannot be garnished in another state; at least unless he is personally served with process or appears in the garnishee action. *Bates v. C., M. & St. P. R. Co.* 60 Wis. 296; *Bowen v. Pope,* 125 Ill. 28; *Sawyer v. Thompson,* 24 N. H. 510; *Hamilton v. Rogers,* 67 Mich. 135; *Keating v. Refrigerator Co.* 30 Mo. App. 293; *Alabama G. S. R. Co. v. Chumbey,* 92 Ala. 317. The *situs* of the debt is the domicile of the creditor where payable. *Railroad Co. v. Pennsylvania,* 15 Wall. 300; *Birdseye v. Underhill,* 82 Ga. 142; *Clark v. Conn. Peat Co.* 35 Conn. 303; *Guillander v. Howell,* 35 N. Y. 662; *McDougall v. Page,* 55 Vt. 187; Brown, Jurisdiction, sec. 150; *St. Clair v. Cox,* 106 U. S. 350; *L. & N. R. Co. v. Dooley,* 78 Ala. 524; *Todd v. Mo. Pac. R. Co.* 33 Mo. App. 110; *Green's Bank v. Wickham,* 23 id. 663; *Bates v. N. O., J. &*

*G. N. R. Co.* 4 Abb. Pr. 72; *Willett v. Equitable Ins. Co.* 10 id. 193; *Miller v. Hooe,* 2 Cranch, C. C. 622; Waples, Attach. 227, 249; Freeman, Executions, sec. 410; Drake, Attach. 473 *et seq.;* 8 Am. & Eng. Ency. of Law, 1129.

*H. W. Chynoweth,* for the respondents, contended, *inter alia,* that a debt due on a judgment in one state can be garnished in another. *Jones v. St. Onge,* 67 Wis. 520; *Comm. Nat. Bank v. C., M. & St. P. R. Co.* 45 id. 172; *Luton v. Hoehn,* 72 Ill. 81; *Minard v. Lawler,* 26 id. 302; *Allen v. Watt,* 79 id. 284; *Young v. Cooper,* 59 id. 121. A debt payable to a creditor in the state of his residence can be garnished in another state, even though he be not personally served with process, and even though he does not appear in the garnishee action. *McCarty v. Emlen,* 2 Dall. 277; *Fithian v. N. Y. & E. R. Co.* 31 Pa. St. 114; *Gager v. Watson,* 11 Conn. 168; *Comm. Nat. Bank v. C., M. & St. P. R. Co.* 45 Wis. 172; *Blake v. Williams,* 6 Pick. 286, 290, 315; *Sturtevant v. Robinson,* 18 id. 175, 180; *Roche v. R. I. Ins. Asso.* 2 Bradw. 362; *Mitchell v. Shook,* 72 Ill. 492; *Mooney v. N. P. R. Co.* 60 Iowa, 348–9; *Allen v. Watt,* 79 Ill. 284; *Morgan v. Neville,* 74 Pa. St. 52; *Hannibal & St. J. R. Co. v. Crane,* 102 Ill. 249; *Burlington & M. R. Co. v. Thompson,* 31 Kan. 180; *Johnson v. Brant,* 38 Kan. 754–9; *Plimpton v. Bigelow,* 93 N. Y. 596–7; *Griffith v. Langsdale,* 53 Ark. 71; *Carson v. Railway Co.* 88 Tenn. 646; *Newland v. Reilly,* 85 Mich. 151.

CASSODAY, J. During all the times mentioned in the foregoing statement the plaintiff, *Mrs. Renier,* was domiciled in and a resident of this state. The St. Paul company mentioned, claiming to be a creditor of hers for a large amount, commenced an action against her, not in any of the courts of Wisconsin, but in the superior court for Cook county, Illinois, and garnished the Boston company, as a foreign corporation, by serving garnishee process upon its agent lo-

cated at Chicago. *Mrs. Renier* did not appear in that
action nor in such garnishee proceedings, and no process or
notice of any kind was ever served upon her therein other-
wise than by publication, as mentioned. It is claimed that
such publication was insufficient, but for the purpose of
this appeal it is assumed that the statutes of Illinois were
in all respects complied with. Upon the facts stated the
law is well settled by the supreme court of the United
States to the effect that the Chicago court obtained no juris-
diction to render any personal judgment against *Mrs. Re-
nier*. *St. Clair v. Cox*, 106 U. S. 350; *Pennoyer v. Neff*, 95
U. S. 714; *Thompson v. Whitman*, 18 Wall. 457; *Public
Works v. Columbia College*, 17 Wall. 521. To the same ef-
fect are the decisions of this court. *Witt v. Meyer*, 69 Wis.
595; *Smith v. Grady*, 68 Wis. 215. This being so, it is very
obvious that the most that could be accomplished in the
Chicago court was to reach property, assets, or credits be-
longing to *Mrs. Renier* and within the jurisdiction of that
court. This is apparent from the authorities cited. If there
was, therefore, a want of jurisdiction in that court as to
such property, assets, or credits, then the proceedings
therein were null and void, and could not operate to abate
or defeat the suit at bar.

The question recurs whether, at the time of such garnish-
ment, *Mrs. Renier* was the owner of any property, assets,
or credits within such jurisdiction of the Chicago court.
There is no pretense that at the time the garnishee papers
were served upon the Chicago agent of the Boston com-
pany he had in his possession or under his control any
tangible property belonging to *Mrs. Renier*. The extent
of the claim is that at that time the Boston company was
indebted to *Mrs. Renier* upon the judgment recovered in
the circuit court for Brown county, mentioned in the fore-
going statement, and hence that such indebtedness was at-
tached or reached by the service of the garnishee papers

upon the Boston company's agent in Chicago. If such contention can be maintained, then it is obvious that the St. Paul company might have attached such indebtedness by such garnishee proceedings in any state or city in the Union where the Boston company happened to have an office and an agent. This would necessarily be upon the theory that such indebtedness to *Mrs. Renier* was ambulatory, following each of the several agents of the Boston company, and, for the purposes of garnishment, having a *situs* with and in the office of each and all of such agents, wherever they happened to be located. If such is the law, it is certainly important that all should know it.

As indicated, none of the parties to the proceedings in the Chicago court were residents of Illinois. Proceedings by garnishment are in their nature very much like the old trustee process. In such a case in Massachusetts, at an early day, the court refused to take jurisdiction, for the reason that all the parties were nonresidents. *Tingley v. Bateman,* 10 Mass. 346. It was there said, in behalf of the court, that " the summoning of a trustee is like a process *in rem.* A chose in action is thereby arrested and made to answer the debt of the principal. The person entitled by the contract or duty of the supposed trustee is thus summoned by the arrest of this species of effects. These are, however, to be considered, for this purpose, as local, and as remaining at the residence of the debtor or person intrusted for the principal; and his rights in this respect are not to be considered as following the person of the debtor to any place where he may be transiently found, to be there taken at the will of a third person, within a jurisdiction where neither the original creditor nor debtor resides." To the same effect are *Sawyer v. Thompson,* 24 N. H. 510; *Bowen v. Pope,* 125 Ill. 28. It has also been repeatedly held in Massachusetts that a trustee residing in another state, though temporarily therein when service is made

upon him, is not liable to the trustee process, and especially is this so where the principal defendant is also a nonresident. *Ray v. Underwood,* 3 Pick. 302 ; *Hart v. Anthony,* 15 Pick. 445 ; *Nye v. Liscombe,* 21 Pick. 263. To the same effect are *Lawrence v. Smith,* 45 N. H. 533 ; *Green v. F. & C. Bank,* 25 Conn. 452 ; *Lovejoy v. Albee,* 33 Me. 414. The only exception to this rule seems to be where tangible property belonging to the principal defendant has been actually seized within the state, or the contract or promise is to be performed within the state. *Ibid.; Sawyer v. Thompson,* 24 N. H. 510 ; *Young v. Ross,* 31 N. H. 201 ; *Lawrence v. Smith,* 45 N. H. 533 ; *Guillander v. Howell,* 35 N. Y. 657 ; *Lovejoy v. Albee,* 33 Me. 414. Some of the authorities cited and the views thus expressed were considered and sustained by Mr. Justice Orton in *Commercial Nat. Bank v. C., M. & St. P. R. Co.* 45 Wis. 172.

The courts of Massachusetts have gone to the extent of holding that a resident of that state, having contracted to deliver goods at a place in another state, could not be charged in foreign attachment as the trustee of the person to whom the goods were thus contracted. *Clark v. Brewer,* 6 Gray, 320. In *Danforth v. Penny,* 3 Met. 564, it was held that a foreign corporation, having no specific articles of property in its possession within that state belonging to the principal defendant to whom it was indebted, could not be charged by trustee process, notwithstanding many of its members and officers resided there, and its books and records were kept there. To the same effect is *Gold v. Housatonic R. Co.* 1 Gray, 424, where it was held that a foreign railroad corporation could not be charged by the trustee process, although in possession of a railroad in Massachusetts under leases from the proprietors thereof; and also *Towle v. Wilder,* 57 Vt. 622 ; *Louisville & N. R. Co. v. Dooley,* 78 Ala. 524 ; *Ala. G. S. R. Co. v. Chumbey,* 92 Ala. 317 ; *Western R. Co. v. Thornton,* 60 Ga. 300 ; *Bates v. C., M. & St.*

*P. R. Co.* 60 Wis. 296; *Sutherland v. Second Nat. Bank*, 78 Ky. 250. In *Smith v. Mut. Life Ins. Co.* 14 Allen, 336, it was held that the courts of Massachusetts would not entertain jurisdiction of a bill in equity, brought by a citizen of Alabama against such foreign insurance corporation, to restore him to his rights under a life policy, notwithstanding such foreign corporation transacted business therein, and had a resident agent therein, upon whom all lawful process against the company might be served. The theory upon which foreign attachments and foreign garnishments are sustained is that the ·principal defendant is beyond the reach of process, but that his property is within the reach of such process and may, therefore, be seized thereon. *Penn. R. Co. v. Pennock*, 51 Pa. St. 244.

As indicated, the proceedings in the Chicago court were not based upon any cause of action originating in the state of Illinois, nor to enforce any contract or engagement entered into with reference to any subject matter within that state, but merely for the purpose of reaching property belonging to *Mrs. Renier*, having no tangible existence in that state. The authorities cited, as well as others which might be cited, pretty clearly show that the Chicago court obtained no jurisdiction over that property. *Central R. & B. Co. v. Carr*, 76 Ala. 388; *Brauser v. New England F. Ins. Co.* 21 Wis. 506. Nor was it the purpose of such proceedings to reach property belonging to the Boston company. Its indebtedness to *Mrs. Renier* was in no sense its property — but rather an indication of the absence of its property. In speaking of the *situs* of *choses in action* for the purposes of taxation, Mr. Justice FIELD observed that " to call debts property of the debtors is simply to misuse terms. All the property there can be in the nature of things in debts of corporations belongs to the creditors to whom they are payable, and follows their domicile wherever that

may be. Their debts can have no locality separate from the parties to whom they are due." *State Tax on Foreign-Held Bonds*, 15 Wall. 320. This principle has received recent sanction in this court. *State ex rel. Dwinnell v. Gaylord*, 73 Wis. 325.

It is obvious from what has been said that, if the indebtedness of the Boston company to *Mrs. Renier* had any *situs* outside of Wisconsin for the purposes of garnishment, it was at the home office of that company in Massachusetts; certainly not with the respective agents of that company, wherever located in the several states. But, as observed, that indebtedness was in the form of a judgment recovered by *Mrs. Renier* in a court of her domicile in Wisconsin. The statute of this state required the Boston company to pay that judgment to *Mrs. Renier* within the time therein specified. Sec. 1974, R. S.[1] Such payment, or its equivalent, was absolutely essential to the continuance of business in the state. *Ibid.* Such being the rules of law, and the facts being as stated, we must hold that the *situs* of the indebtedness in question for the purposes of garnishment at the time of the commencement of the proceedings in the Chicago court was only in Wisconsin, where *Mrs. Renier* resided. This view is sustained by numerous cases cited by counsel for the plaintiff, among which are *Wallace v. McConnell*, 13 Pet. 136; *Rio Grande R. Co. v. Gomila*, 132 U. S. 485; *American Bank v. Rollins*, 99 Mass. 313; *Trowbridge v. Means*, 5 Ark. 135; *S. C.* 39 Am. Dec. 368; *Shinn v. Zimmerman*, 23 N. J. Law, 150; *S. C.* 55 Am. Dec. 260; *American Bank v. Snow*, 9 R. I. 11; *Wood v. Lake*, 13 Wis. 84. It follows that the proceedings in the

---

[1] Sec. 1974, R. S., provides that "no insurance corporation doing any kind of business in this state, against which a final judgment shall have been recorded in any court in this state, shall, after sixty days from the rendition of such judgment, and whilst the same remains unpaid, issue any new policy in this state," etc.— REP.

Chicago court did not operate as a bar or abatement of this action.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with direction to enter judgment in favor of the plaintiff and against the defendants for the proper amount remaining due and unpaid on the former judgment, with interest and costs.