REIMERS et al. v. SEATCO MANUF'G CO. et al.

(Circuit Court of Appeals, Sixth Circuit. October 8, 1895.)

No. 276.

GARNISHMENT—SITUS OF DEBT—FOREIGN CORPORATION.

R., a citizen of Illinois, commenced suit against the S. Co., a Washington corporation, in a court of the state of Michigan, by process of garnishment issued against the M. Co., an Illinois corporation, which had an office and did business in Michigan, and was indebted to the S. Co., the debt being payable in the state of Washington. *Held,* that though, under the statutes of Michigan, a foreign corporation doing business in the state subjected itself to service of process by garnishment, the Michigan courts could not acquire jurisdiction in rem to pronounce judgment in favor of a nonresident against a foreign corporation by garnishment of a debt due to the defendant from another foreign corporation, and not payable within the state.

In Error to the Circuit Court of the United States for the Eastern District of Michigan.

John J. Reimers, doing business as John J. Reimers & Co., is a citizen and resident of Chicago, Ill. The Seatco Manufacturing Company is a corporation organized and existing under the laws of the state of Washington. The Michigan-Peninsular Car Company is a corporation of the state of Illinois, having an office and doing business in the state of Michigan, at Detroit. This was an action by Reimers against the Seatco Manufacturing Company to recover upon an express contract the sum of $2,364.-61. The suit was begun in the circuit court of Wayne county, Mich., by the affidavit and writ of garnishment filed and served by the sheriff upon the Michigan-Peninsular Car Company. The affidavit averred that the latter company was indebted to the Seatco Manufacturing Company, and had credits of that company in its hands. True copies of the summons, affidavit in garnishment, and writ of garnishment, with return of the service upon the writ, were served upon the Seatco Company at its office in Bucoda, in the state of Washington. The Michigan-Peninsular Car Company filed a disclosure under the garnishee statute of Michigan, in which it admitted that it was indebted in the sum of $3,135.06 to the Seatco Company; that this indebtedness was created by the purchase from the Seatco Company of certain lumber shipped from Washington; and that the purchase price of the lumber was to be paid by the garnishee defendant to the principal defendant in Bucoda, Wash. The Michigan-Peninsular Car Company moved to quash the writ of garnishment. This motion was overruled in the Wayne circuit court. Thereupon the Seatco Company appeared specially, and moved to set aside the service and process on the ground that the court had no jurisdiction over it or the debt. Before the motion was passed on, the same defendant appeared specially, and filed a petition for removal of the cause to the circuit court of the United States for the Eastern district of Michigan. The order of removal was granted, and thereupon in the court below the motion to quash the writ and dismiss the suit for want of jurisdiction was heard. The motion was granted, the writ was quashed, and the suit dismissed for want of jurisdiction. The learned judge who presided in the court below reached this conclusion upon two grounds: First, that the debt sought to be attached was not within the jurisdiction of the Michigan courts, because the creditor, the debtor, and the plaintiff were all nonresidents of Michigan, and the debt was not payable in Michigan; and, second, that the requirements of the garnishee statute of Michigan as to process in such cases had not been complied with.

Bowen, Douglas & Whiting, for plaintiffs in error.

Wells, Angell, Boynton & McMillan, for defendants in error.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

TAFT, Circuit Judge, after stating the facts, delivered the opinion of the court.

The question in this suit is whether, in a suit brought by a resident and citizen of Illinois against a resident and citizen of the state of Washington in the state of Michigan, a court of the latter state can acquire jurisdiction in rem to pronounce judgment against the nonresident defendant to the extent of a debt owed to the defendant by a corporation resident and citizen of Illinois doing business in Michigan, and liable by the laws of Michigan to the service of process in garnishment in that state. The question of jurisdiction is raised by the defendant against whom such a judgment is sought. It may be conceded that under the statutes of Michigan a corporation of another state which assumes to do business in Michigan subjects itself, through its agents in that state, to service of process by garnishment. But this does not determine the question whether a creditor of such a corporation is affected by this fact so that the debt owing is given a locality and situs within the state lines of Michigan such as to permit the courts of Michigan, under general principles of international law and the constitution of the United States, to seize the debt. The debt was not payable in Michigan, but in Washington. We conceive it to be well settled by authority that while, generally speaking, the situs of a debt is constructively with the creditor to whom it belongs, it is within the competence of the sovereign of the residence of the debtor, by reason of its control over its own residents, to pass laws subjecting the debt to seizure within its territorial sovereignty. We also conceive it to be well settled that, even if the debtor is not a resident of the sovereignty under which garnishment is attempted, such sovereignty still may subject the debt to its process and constructive seizure if the debtor is personally within the service of its process and the debt is payable within its territory. In either of the cases above mentioned, if a judgment is rendered against a garnishee for the debt thus constructively seized in favor of the plaintiff, the satisfaction of the judgment will be pro tanto a bar to a recovery against the garnishee on the original debt in any jurisdiction where the creditor seeks to recover it. But we are of opinion that a nonresident creditor cannot have his property in the debt seized in a state to which debtor may resort, not for purposes of residence, but merely for the purpose of doing business through agents, when the claim arose on a contract not to be performed within the state, and the debtor does not reside therein. But it is said that, if the debtor is a corporation, and seeks to do business outside of the state of its incorporation, the state to which it may send its agents for this purpose may impose any requirement whatever as a condition precedent to its doing business there, and, therefore, that it may require it to submit to judgment in garnishment for a debt owing by it to a nonresident, on the suit of a nonresident, though payable in

another state. The right of a state to impose conditions upon foreign corporations doing business therein is not unlimited. In Insurance Co. v. French, 18 How. 404, Mr. Justice Curtis, speaking for the supreme court, said:

"A corporation created by Indiana can transact business in Ohio only with the consent, express or implied, of the latter state. Bank v. Earle, 13 Pet. 519. This consent may be accompanied by such conditions as Ohio may think fit to impose, and these conditions must be deemed valid and effectual by other states and by this court, provided they are not repugnant to the constitution or laws of the United States, or inconsistent with those rules of public law which secure the jurisdiction and authority of each state from encroachment by all others, or that principle of natural justice which forbids condemnation without opportunity for defense."

In Southern Pac. Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, it was held that the law which permitted a nonresident corporation to do business within its territory on condition that it should forfeit such permit if it removed a suit brought against it into the court of the United States held within the state was unconstitutional and void, and could give no validity and effect to any agreement or action of the corporation in obedience to its provisions, because it thereby was compelled to surrender a right and privilege secured to it by the constitution and laws of the United States; citing Insurance Co. v. Morse, 20 Wall. 445, and Barron v. Burnside, 121 U. S. 186, 7 Sup. Ct. 931. If, as we have already found, the debt to be garnished was not brought within the state by presence of the debtor corporation through its agent, then a condition that the corporation must be subject to garnishment process as if the debt were within the state's jurisdiction would have one of two results: It would either subject the corporation to the probability of a double recovery for the same debt, or it would compel the creditor, a nonresident, whose person and property are both out of the jurisdiction of the state, to submit to a judgment against him, rendered without notice of any kind to him. Either result would seem to be inconsistent with the rules of public law securing the jurisdiction and authority of each state from encroachment by all the others, and with that principle of natural justice forbidding condemnation without opportunity for defense. At all events, there is nothing in the garnishee statute of Michigan expressly requiring a foreign corporation to submit to a judgment in garnishment in such a case. And the mere provision that such a corporation shall be generally subject to garnishment is not to be interpreted as imposing a liability, power to impose which is rendered doubtful by the considerations already stated. It is easy to conceive of many cases where a foreign corporation may be garnished, in which, by all the rules of public law, the debt thus sought to be seized is within the territorial jurisdiction of the state in which process is issued. Such cases may well satisfy the provision of the Michigan law for garnishment against foreign corporations. The latest case on the subject, and one which has close application to the case at bar, is that of Douglass v. Insurance Co., 138 N. Y. 209, 33 N. E. 938. The action there was upon a policy of fire insurance issued by the defendant, a domestic

corporation, and a plea in abatement was entered stating, in substance, that it was carrying on business and maintained an agency in the state of Massachusetts; that in pursuance to the laws in that state it had an attorney upon whom process could be served; that action was brought by one residing in Massachusetts against plaintiffs, in which the defendant corporation was made a party defendant, as trustee of the plaintiff, and the attachment was issued against the credits of the plaintiff in the hands of the defendant; that the action was still pending, and by virtue of the laws of Massachusetts its courts had acquired full jurisdiction over the parties. It was held that the debt due from the plaintiff to the defendant was not within the jurisdiction of the courts of Massachusetts; that the defendant corporation was a resident of New York and that the plaintiff was a resident of New York; and that the fact that the defendant corporation had an agent in the state of Massachusetts did not carry the corporation into that state, and did not affect the locality of the debt owing by the defendant to the plaintiff, both residents of New York, it having been contracted in New York, and being payable therein. Said the court of appeals, by Andrews, C. J.:

"But, we repeat, no court can acquire jurisdiction in attachment proceedings unless the debt is either actually or constructively within the jurisdiction; and we are of opinion that the attempt to execute an attachment in Massachusetts upon the debts owing to the plaintiff by the insurance company by serving upon the agent of the corporation there, and without having acquired jurisdiction of the plaintiff, must fail, for the reason that the debtor, the insurance company, was in no just or legal sense a resident of Massachusetts, and had no domicile there, and was not the agent of the plaintiff; and that, in contemplation of law, the company and the debt were, at the time of the issuing of the attachment, in the state of New York, and not in the state of Massachusetts. This court has had occasion heretofore to consider the effect of the act of a foreign corporation constituting an agent in another state upon whom proceedings may be served, done in compliance with the laws of such state in pursuance of a condition imposed, and to' enable the corporation to do business in such state. It has been held by such act the corporation does not change its domicile of origin or its residence. It becomes bound by judgments rendered upon service on the designated agent, because it has consented so to be bound; but it remains, as before, a resident of the state where it is incorporated. Gibbs v. Insurance Co., 63 N. Y. 114; Plimpton v. Bigelow, 93 N. Y. 593. If, in this case, the insurance company could be regarded as residing or having its domicile in Massachusetts for the purpose of attachment proceedings, it likewise has a domicile in every state where it may have appointed an agent under similar laws; and so, constructively, upon the theory upon which the Massachusetts attachment is defended, the corporation is present as debtor to the plaintiff in every state where such agency exists, and the credit is also present at the same time in each of such jurisdictions. The admission of such a principle would give rise to most embarrassing conflicts of jurisdiction, and subject creditors of domestic corporations to great prejudice. We think the rule is that a domestic corporation at all times has its exclusive residence and domicile in the jurisdiction of origin, and that it cannot be garnished in another jurisdiction for debts owing by it to home creditors, so as to make the attachment effectual against its creditor in the absence of jurisdiction acquired over the person of such creditor."

The same principle is laid down in Railroad Co. v. Dooley, 78 Ala. 524; Railroad Co. v. Maltby, 34 Kan. 125, 8 Pac. 235; Wright v.

Railroad Co., 19 Neb. 175, 27 N. W. 90; Railway Co. v. Sharitt, 43 Kan. 375, 23 Pac. 430; Keating v. Refrigerator Co., 32 Mo. App. 293; Fielder v. Jessup, 24 Mo. App. 91; Green v. Bank, 25 Conn. 452; Lawrence v. Smith, 45 N. H. 533; Nye v. Liscombe, 21 Pick. 263; Pierce v. Railway Co., 36 Wis. 283; Renier v. Hurlbut, 81 Wis. 24, 50 N. W. 783; Everett v. Walker (Colo. App.) 36 Pac. 617; Baylies v. Houghton, 15 Vt. 626; Tingley v. Bateman. 10 Mass. 343; Sawyer v. Thompson, 4 Fost. (N. H.) 510; Lovejoy v. Albee, 33 Me. 414.

It is abundantly established by the decisions of the supreme court of the United States that, no matter what business a corporation does in another state, its residence is exclusively in the state of its creation. Shaw v. Mining Co., 145 U. S. 444, 12 Sup. Ct. 935; Bank v. Earle, 13 Pet. 519; Insurance Co. v. French, 18 How. 404; and a number of other cases holding the same principle, cited in the learned opinion of Mr. Justice Gray first above named.

Nor are the cases in Michigan opposed to the view we have taken. The case most relied upon is that of Newland v. Reilly, 85 Mich. 151, 48 N. W. 544. In that case residents of Boston brought an action in assumpsit in a state court of Michigan against residents of New York as principal defendants, and served a writ of garnishment upon residents of Detroit within that state. Though the contract of indebtedness was not to be performed within the state of Michigan, the court held that, as the debt was owing by the residents of Michigan, the res was within the jurisdiction of the courts of that state. Certainly there is nothing here to conflict with our holding that, where neither the plaintiff nor the defendant nor the garnishee are residents of the state of Michigan, and the debt is not to be paid within the state of Michigan, the debt sought to be garnished has no situs in that state. In Cofrode v. Gartner, 79 Mich. 332, 44 N. W. 623, the supreme court held that the plaintiffs, who were nonresidents of the state, might bring their action against a nonresident, and proceed to judgment in the courts of the state for the purpose of subjecting credits in the hands of three persons, residents of the state, to the payment of such debt, although no personal service could be made upon the principal defendant within the state. In this case the debtor owing the debt was a resident of Michigan, and the control of its payment would, therefore, seem to have been within Michigan's sovereign power. In Drake v. Railway Co., 69 Mich. 168, 37 N. W. 70, plaintiff was a resident of Michigan, who had acquired the claim by assignment from a resident of Indiana, the defendant was a citizen of Indiana and the garnishee defendant was a corporation organized under the laws of Indiana and Michigan, and doing business in each state. The contract was made between the defendant and the garnishee in Indiana, and payment was to be there made. No service was made upon the defendant. It appeared that the debt in Indiana was exempted from attachment, and some of the reasoning of the court proceeds on this as a premise; but the whole tenor of the opinion is to the effect that the facts that the original creditor and the original debtor were residents of Indiana, and that the debt was contracted in Indiana, and was

made payable in that state, prevented the exercise of jurisdiction over the debt in Michigan without personal service upon the principal defendant. We do not find anything in any of the other cases cited from the Michigan courts holding a different conclusion.

The judgment of the circuit court is affirmed.