Roberts, J.
Motion to discharge attachment.
This action was commenced before T. W. Kellogg, a justice of the peace of Conneaut township, in attachment, and jurisdiction was sought to be obtained by service of garnishee process upon the Bessemer & Lake Erie Railroad Company, at its ticket office in Conneaut, Ohio.
A motion was made by the defendant to discharge the attachment, which being overruled by the justice, the action has been appealed to this court, under the provisions of Section 6494, Revised Statutes, and has been submitted upon affidavits and briefs.
The motion to dismiss the action and the attachment issued therein was for the reason, as claimed, that the justice court had no jurisdiction of the parties or the subject-matter of the controversy.
There is no disagreement between the parties upon any material fact involved in the determination of this motion. The plaintiff creditor and defendant debtor are both residents of Albion, in the state of Pennsylvania. The Bessemer & Lake Erie Railroad Company is a Pennsylvania corporation with its northern terminal in Conneaut township, in this county and state. The defendant is an employe of the railroad company and ten per cent, of his wages are sought to be attached, in this action, under the laws of Ohio.
There was no personal service in the action at the time this motion was heard in the justice court, and no specific property was attached. The papers filed in this case do not show any answer of the railroad company, nor- is there anything to indicate that the garnishee was indebted to the defendant, which would have been sufficient cause for the sustaining of the motion *334 in the justice court, as there is nothing to indicate that jurisdiction was obtained, if it be possible in that way, by the garnishment of a debt.
This proposition does not seem, however, to have been considered by the parties; at least the question is not raised here, and the only question for consideration is, as raised by counsel in their briefs: Did the plaintiff, a resident of the state of Pennsylvania, who had become a creditor of the defendant, a resident of the state of Pennsylvania, by reason of a debt there incurred, have a right to come into the state of Ohio and maintain an action in attachment by an attempt to garnishee wages presumably due the defendant from the Bessemer & Lake Erie Railroad Company, service of garnishee process being made upon it in this state?
The services performed by the defendant for the railroad company seem to have been along the line of the road in both Pennsylvania and Ohio. An interesting question is thus raised as'to whether, when a debt is contracted in Pennsylvania where both debtor and creditor reside, the creditor can come into Ohio and by garnishee process in attachment, maintain an action in this state and thus subject his debtor to an action in attachment, for necessaries provided in our law, and thus presumably obtain an advantage over the debtor to which the creditor was not entitled in the state of Pennsylvania.
There is no evidence before the court in this action as to the laws of Pennsylvania, upon this ■ proposition, but it may be assumed that the laws of this state are more favorable to the creditor, from the fact that he comes into this state and gives bail for the purpose of prosecuting the action.
Counsel for plaintiff, in their brief, cite Riter-Conley Mfg. Co. v. Mzix, 3 C. C.—N. S., 125, in which case there is an obiter dictum that—
“In such case, the fact that both debtor and creditor are nonresidents of the state would not prevent attachment proceedings.”
This action was somewhat dissimilar from the one under consideration, and no authorities are cited in support of this obiter suggestion.
*335 Counsel also cite Pennsylvania Ry. v. Peoples, 31 Ohio St., 537, in which case it was held that a railroad company incorporated under the laws of another state, operating a railroad in this state, is liable to the process of garnishment, and such process may be served as upon domestic corporations. In this case the plaintiff was a resident of, and the cause of action accrued in. the state of Ohio.
In Root v. Davis, 51 Ohio St., 29, 36, it is said:
“It may be conceded that the credits of a non-resident debtor, without personal service upon him, can not be attached in this state, by simply serving the process of garnishment upon his debtor residing within the jurisdiction of the court issuing the process.”
This statement by our Supreme Court would seem to cover the proposition involved in this case, conceding even the right to garnishment of credits in the hands of the railroad company.
As believed to be entitled to greater weight than the incidental remark of the circuit court above 'cited, reference is made to1 the case of Kelley Co. v. Machine Co., 6 N. P., 350, which is a very carefully considered case in which many authorities are cited and quoted. The syllabus of which case reads as follows:
“A debt which arose and is payable outside of the state, and is due from one non-resident corporation to another non-resident corporation thereof, is not subject to process of attachment and garnishment issued by courts of that state. ’ ’
It seems to be agreed between the parties to this action that employes of the railroad company were paid by it wherever they might happen to meet the pay car, while on its monthly trips. In The Central Trust Co. v. Railway, 68 Fed. Rep., 685, it is said:
“For the purpose of jurisdiction the situs of a debt or other chose in action follows the domicile of the creditor.”
See also Reimers v. Manufacturing Co., 70 Fed. Rep., 573, for an exhaustive opinion by Judge Taft upon the same question. I take it there can be no question but that the domicile of the railroad company is in the state of Pennsylvania, irrespective of the fact that its line extends into and it does business in the *336 state of Ohio, if under any rule the domicile of the debtor of the judgment debtor be important.
Spaulding & Andreivs, for plaintiff.
G. E. Ghadman, for defendant.
For other opinions involving these questions see also Atchison, H. S. & Ry. v. Maggard, 39 Pac. Rep., 985 (a Colorado case); Reiner v. Hurlbut, 81 Wis., 24 (50 N. W. Rep., 783), and Illinois Cent. Ry. v. Smith, 70 Miss., 344 (12 So. Rep., 461), in which last cited case it is said:
“The garnishment in a foreign jurisdiction of a railroad domiciled there as well as in Mississippi, for a debt due an employe resident in Mississippi, can not be urged as affecting the exemptions accorded to debtors, made under the Mississippi law.”
By the provisions of Section 7014, Revised Statutes, it is made an offense punishable by fine, to sell or transfer a claim against a resident of this state for the purpose of having the same collected by proceedings in attachment in courts outside of the state, with intent to deprive him of exemptions to which he may be entitled; and it would seem to be reasonable and proper, under the general principle of comitjr existing between states, that the courts of one state should not be open to enable a citizen of a sister state to secure an advantage over another resident of that state and deprive that other resident of a right given him by the state of his residence.
The motion to discharge attachment is, therefore, sustained and the case remanded.