### SITUS OF A DEBT OWING TO A NON-RESIDENT.

Common Pleas Court of Clark County.

HARRIS HAMMOND v. JOHN FREEMAN MACKAY.

Decided, February 17, 1919.

*Attachment and Garnishment—Jurisdiction where the Property Sought to be Attached is Owned by a Non-Resident—Conflicting Views as to Whether the Situs of a Debt is the Domicile of the Debtor or of the Creditor.*

1. Credits of a non-resident debtor payable generally, may, without personal service upon such debtor, be garnisheed in this state, by serving process on his debtor residing within the jurisdiction of the court.  Statements in Root & McBride Bros v. Davis, 51 Ohio St., 29, and in Buckeye Pipe Line Co. v. Fee, 62 Ohio St., 543, seeming to deny this, are *obiter dicta.*

2. A non-resident creditor is not excluded from bringing such an action.

*Paul C. Martin* and *George Raup,* for plaintiff.
*Keifer & Keifer,* contra.

GEIGER, J.

The plaintiff, Harris Hammond, is a resident of the state of New York, and claims to be a creditor of the defendant John Freeman MacKay, who is a resident of the state of New Jersey, the claim being based upon an alleged breach of contract.

An affidavit for attachment was filed, and pursuant to the order of attachment, notices were served upon the Springfield National Bank and the Buckeye Incubator Company as garnishees, it being claimed that the Springfield National Bank has money on deposit belonging to the defendant, and that the Buckeye Incubator Company is a debtor of the defendant.

The defendant has filed a motion to set aside the attachment upon several grounds.

First, that the debts sought to be attached are not within the jurisdiction of the court and are not subject to attachment, for

the reason that the creditor as well as the defendants herein are not residents of the state of Ohio;

Second, That the affidavit is insufficient in law;

Third, that no proper service was made upon the garnishees.

A motion is also made to set aside the constructive service, for the reason that the affidavit for attachment is insufficient in law, and that there has been no valid attachment of any property herein.

An interesting question is presented by the motion to dismisss the attachment. Broadly, it is based upon the claim upon the part of the defendant, that the debt being due to a non-resident of the state of Ohio the situs of the debt or property attached is not within the jurisdiction of the court.

It must be conceded that the court acquires no jurisdiction in an attachment case unless the property taken is within its jurisdiction, the court having no extra territorial power.

It is then to be determined, if possible, what is the correct solution of the question as to the location or situs of a debt due from a debtor within the jurisdiction of the court, to a creditor outside the jurisdiction of the court.

One view sustained by decisions, as well as by text-book writers, is that the situs of the debt is the domicile of the creditor. Another view is, that the situs of the debt is the domicile of the debtor. Still another view taken by courts in attachment cases is that the question of the situs of the debt is not material in determining the power of the court in such cases—that the situs of the debt may be either the domicile of the debtor or the creditor.

The Ohio courts have not been in accord in the determination of this matter, and the Supreme Court of Ohio has apparently not decided the question in a case clearly presenting the issue.

In the case of *Owen* v. *Miller*, 10 O. S. 136, the court, in passing upon a case in which a resident of Ohio, taking promissory notes, removed to New Jersey where under a writ of attachment the notes were seized and sold. *Held*: That the notes were merely evidence of the indebtedness and the seizure of them in New Jer-

sey gave no power to divest the property in the debt secured by the notes and mortgage, which is to be regarded as existing where the makers of the notes—the debtor resided. The court, on page 144 says:

"We are brought then to the simple question whether the promissory note given for a debt, being in New Jersey and the makers of the notes, the debtors, residing in Ohio, the property was in New Jersey or in Ohio? In substance, there is a sum of money in the hands of one man to which another has title or claim and the evidence of that title or claim is the promise in writing to pay the money. Upon principle, it would seem clear that the subject-matter to which the title or claim relates, is the property and not the evidence showing the title or claim."

The court in this case reviews a number of cases which support the court's holding.

In the case of *B. & O. Railroad Company* v. *May*, 25 O. S. 347, it is held:

"In an action to recover money due on contract, it is a sufficient defense to show that the money sought to be recovered has been attached by process of garnishment duly issued by a court of a sister state, in an action there prosecuted against the defendant by his creditors, although it appear that the plaintiff. and such creditors are all residents of this state."

The action was brought in a county in this state to recover on an account. The defendant set up that the creditors of the plaintiff had sued the plaintiff before a justice of the peace in West Virginia, and had attached the money due from the defendant to the plaintiff, and that an order had been made that the defendant should pay into that court the amount due plaintiff; that the justice had full jurisdiction, and that the money so attached was the same sought to be recovered by the plaintiff. To this answer the plaintiff demurred. The court says the demurrer to the answer should have been overruled. The facts were a good defense. The justice in West Virginia having jurisdiction of the subject and of the parties, the order in attachment

made upon the garnishee was a valid appropriation of the money in his hands to the payment of the attaching creditor's claims.

This case is cited to sustain the position that a debt due may be garnished where the debtor is served, even though the creditor may be without the jurisdiction of the court issuing the attachment.

The court, in the case of *Root & McBride Brothers* v. *Davis et al.,* 51 O. S. 29, at page 36 says in part:

"It may be conceded, that the credits of a non-resident debtor, without personal service upon him, can not be attached in this state, by simply serving the process of garnishment upon his debtor residing within the jurisdiction of the court issuing the process. That would be, as claimed, to give to the laws of a state an extra territorial effect. In *Railroad Company* v. *May,* 25 Ohio St. 347, it was held that the indebtedness of the company to a person residing in this state could be attached in the courts of a sister state, without personal service; but this, in the opinion of the author of a recent work, seems opposed to the decision of the Supreme Court of the United States." Citing *Reno on Non-Residence.*

"But as between citizens of the state subject to its laws, the case is wholly different. While the situs of a credit is generally regarded as that of the creditor, it would be quite as reasonable to treat it as that of the debtor; for the debtor is the person from whom the money is derived that makes the credit available as a thing of value. So that there is nothing in the nature of things forbidding the place of the debtor being regarded as the situs of a credit; and hence it is competent to the Legislature to enact, as has been done in this state, that the property and effects of every kind of a resident of one county may be attached by his creditor in another, on the ground of his non-residence therein, by serving the process of garnishment upon a person having possession of his property, or being indebted to him," etc.

Part of this quotation is clearly *obiter dictum,* and the implied criticism of the holding in *Railroad Company* v. *May,* seems to be based upon the opinion of a textbook writer, that that case was in conflict with a case decided by the Supreme Court of the United States.

The case decided by the Supreme Court of the United States, to which the textbook writer referred, is that of *Cole* v. *Cunningham,* 133 U. S. 107.  This case, in the opinion of this court, does not justify the criticism in the case in *Railroad Company* v. *May.* The Ohio court, however, does seem to criticise the holding in the case of *Railroad Company* v. *May.*

The next case of interest, in the Supreme Court, is that of the *Buckeye Pipe Line Company* v. *Fee,* 62 O. S. 543, in which it is held that the attachment statutes do not give to the court issuing process jurisdiction over property of the defendant situate wholly beyond the borders of the state.

The property involved in this case was not a credit, but was certain oil claimed to be owned by the defendant, and while it is not decisive of the right of the creditor to garnishee a debt, there are in the opinion some remarks of the court which would indicate that the same principle which prevents a creditor from attaching tangible property outside the jurisdiction of the court, would prevent the garnishing of a debt due to a creditor domiciled beyond the jurisdiction of the court.

The court, on page 560, quotes 8 Am. & Eng. Ency. Law, 1255 as saying:

"The domicile of the garnishee does not give the courts of the state jurisdiction over the debt he owes to a party in another state, and is not sufficient to sustain an action *in rem.*  This is not determined by his domicile, but by the situs of the property which he holds."

On page 561 the court quotes from certain cases which might indicate that where a state could not reach property for the purpose of taxing it, it could not confer the right of seizure of such property upon her citizens.

It is clear that in the present case the state has no right to tax the debt owing by a local debtor to a foreign creditor, and it may be argued that lacking this power to tax the debt, the state could not give to a creditor the right to seize such property.

The following cases in Ohio sustain the view that a debt due to a creditor residing outside the state can not be garnished.

*American Sheet & Tin Plate Company* v. *Lewis,* 20 C. C. (N.S.), 443; *Boyd* v. *Hewitt,* 5 N. P. (N.S.), 332; *Kelly* v. *Garvin Machine Company,* 6 N. P., 350.

These cases can possibly be distinguished from the case at bar on account of the different facts involved, but broadly they seem to sustain the position that a debt due to a. creditor, non-resident of the state, can not be reached by garnishee process, for the reason that the court does not obtain jurisdiction of the property.

An opposite view is expressed in the following cases, in courts of inferior jurisdiction in Ohio: *Goble* v. *Bank,* 3 N. P., 109, a well-considered case, in which the opinions in *Root* v. *Davis,* and *Railroad Company* v. *May,* are commented upon, and *Olcott* v. *Guerinck,* 19 C. C., 32; *Barbour* v. *Boyce,* 7 N. P., 504.

The holdings in the above cited cases in the inferior courts of Ohio, indicate to what extent this question is unsettled.

The court has been cited to and has read many cases of other states than Ohio, but owing to their conflict feels it would be of no value to specially comment upon them.

The question has been considered in a number of Federal cases. The case of *Reamers* v. *Seatco Manufacturing Company,* 70 Fed., 573, opinion by Judge Taft, has been cited by counsel for defendant, but in this case a debt due to one resident of one state is sought to be attached in Michigan, where neither the debtor nor creditor reside, and the court held that though under the statutes of Michigan, a foreign corporation doing business in that state subjected itself to service of process in Michigan, the court could not acquire jurisdiction *in rem* to pronounce judgment in favor of the non-resident against a foreign corporation by the garnishment of a debt due to the defendant from another foreign corporation, and not payable within the state. The court on page 574 says:

"We conceive it to be well settled by authority that while, generally speaking, the situs of the debt is constructively with the creditor to whom it belonged, it is within the competence of the sovereign of the residence of the debtor, by reason of its control over its own residents, to pass laws subjecting the debt to seizure within its territorial sovereignty."

In the case of *Railroad Co. v. Strum,* 174 U. S. 710, it is held that:

"Jurisdiction in garnishment of a debt, due to a non-resident creditor, may be acquired without service on him except by publication so as to make a judgment against him valid and to entitle it to full faith and credit in other states."

The court says:

"The essential service of foreign attachment laws is to reach and arrest the payment of what is due and might be paid to a non-resident to the defeat of his creditors. To do it you must go to the domicile of his debtor, and can only do it under the laws and procedure in force there. This is a legal necessity, and considerations of *situs* are somewhat artificial. If not artificial, whatever of substance there is must be with the debtor. He and he only has something in his hands. That something is the *res,* and gives character to the action as one in the nature of a proceeding in *rem.*"

In the case of *Harris v. Balk,* 198 U. S. 215, it is held that the temporary presence of the garnishee within the state gives to the court in that state jurisdiction to render judgment against him in garnishment proceeding upon personal service within the state, if during such temporary presence in the state the principal debtor could have sued there to recover the debt, and the laws of the state permit the garnishment of the debtor of the principal debtor.

The court says:

"If there be a law of the state providing for the attachment of the debt, then if the garnishee be found in that state and process be personally served upon him therein, we think the court thereby acquires jurisdiction over him and can garnishee the debt due from him to the debtor of the plaintiff, and condemn it, provided the garnishee could himself be sued by his creditor in that state. We do not see how the question of jurisdiction *vel non* can properly be made to depend upon the so-called original *situs* of the debt."

While the courts of this state may not be bound by decisions in the Federal court, yet the principles enunciated in these various federal decisions must have great weight in considering this matter which is in so much doubt in Ohio.

It would seem to this court that as a debt due from a debtor in this state to a creditor in a foreign state, which is payable generally and not at a particular place, may be collected by the creditor in any jurisdiction in which he can obtain service upon his debtor, that such debt may be garnished in any jurisdiction where service can be obtained on the debtor.

Garnishee process places a garnishee creditor in the position of a general creditor, and he has a right to such proceedings as the creditor himself would be entitled to if he brought suit against his debtor.

It is the right of action that is seized in a garnishee proceeding, and that right of action exists in any jurisdiction which may obtain service upon the person owing the debt.

The court, in the case of *Root* v. *Davis, supra,* says.

"There is nothing in the nature of things forbidding the place of the debtor being regarded as the *situs* of the credit; and hence it is competent to the Legislature to enact, as has been done in this state, that the property and effects of every kind of a resident of one county may be attached by his creditor in another, on the ground of his non-residence therein, by serving the process of garnishment upon a person   *   *   *   being indebted to him in the county."

If this is true, why is it not equally true that the property and credits of the resident of another state may be attached by his creditor, by serving the process of garnishment upon the person having possession of his property or being indebted to him?

Of course the debt is the property of the creditor, and because it is, the law seeks to subject it, as it does other property, to the payment of his creditors. If it can be done in any other way than by process against and jurisdiction of his debtor, that way does not occur to the court. *Railroad Company* v. *Strum, supra.*

Credits of this nature are valuable, and the attachment statutes were enacted to enable a creditor to seize valuable property belonging to his non-resident debtor. If he can not seize it because his debtor, the creditor of the garnishee, lives out of the state, neither could he seize it in the state where his debtor resides, because there it would be clearly beyond the jurisdiction of the court. Thus valuable property, consisting of credits belonging to the non-resident debtor would be entirely removed from the danger of attachment.

It is clear that our statutes provide for a seizing by garnishee of debts due to non-residents.

Section 11276 provides that such an action against a non-resident of this state may be brought in any county in which there is property of, or debts owing to the defendant.

Section 11819 provides that in an action for the recovery of money an attachment against property of the defendant may be had on the grounds set out in said section, one of which is that the defendant is not a resident of the state.

Section 11837 provides that an order of attachment shall bind the property attached from the time of service, and that the garnishee shall be liable to the plaintiff for all property of the defendant in his hands and money and credits due from him to the defendant from the time of service.

Section 11847 provides that after written notice is issued the garnishee shall answer, under oath,' all questions put to him touching property of every description and credits, and disclose the amount owing by him to the defendant.

Section 11848 provides that a garnishee may pay the money owing by him to the defendant to the officer holding the attachment and that if he disclose the property in his hands, or the amount owing by him, and delivers or pays it according to the order, he shall be allowed his costs.

Section 11855 provides if a judgment be rendered for the plaintiff, it shall be satisfied as follows:—The money arising from the sale of the property with the amount which may be recovered from the garnishee shall be applied to satisfying the judgment.

The statutes provide that a creditor may have an attachment on the ground of the non-residence of his debtor, and may seize through such an attachment, not only the property of the debtor, but any money that may be due from the garnishee to the debtor.

.There is no distinction in the statute which omits from such seizure money that is due to the non-resident, but the statute distinctly says that any money that is due to a non-resident may be seized.

The Legislature of Ohio certainly has the power to provide that a creditor in Ohio has the right to seize money that may be due to his non-resident debtor, and there is nothing in the statutes which excludes from this right a non-resident creditor.

The fact that the plaintiff-in this case is not a resident of Ohio does not deprive him of any right that a resident of Ohio has to seize upon the money due to his non-resident debtor.

The court is of the opinion that the case of *Root* v. *Davis,* if properly read, sustains this right and that that portion of the case which seems to deny it is *obiter dictum,* and does not control.

The motion to dismiss the attachment on the ground that the debt is due to a non-resident creditor, is overruled.

It is further claimed that the affidavit in this case is defective on the ground that a certain portion of it which should be stated positively, is stated to be upon the belief of the affiant. The court does not so read the affidavit. The affidavit says, "Affiant believes plaintiff ought to·recover from the defendant the sum of $12,500.00. The defendant John Freeman MacKay is a non-resident of the state of Ohio." This is a positive statement that the defendant is a non-resident, and is not a statement that the affiant believes he is a non-resident.

Motion to dismiss the attachment overruled.